## No. 4475.

## Mrs. C. Ryan et al. vs. Carl Kohn.

The husband of plaintiff died in November, 1859. She married a second time in 1861, and was silent and inactive up to December, 1871, as to her own and her child's rights against the surviving partner, the defendant in this case, except in her tacit and active ratification of the liquidation of the said partnership, and receiving the share reported to be due to the succession of the deceased partner.

It is not seen how the interests of the surviving minor (one having died after the father) have been injured by defendant's payment to the widow, without requiring her to qualify as natural tutrix before doing so, as she did not have to give a bond ; and qualifying as tutrix would not, as to him, have made the payment any more secure to the said minor, who, in any event, would have a mortgage.

Under such circumstances, and after such a lapse of time, the defendant should not be made liable to pay twice what he seems to have paid in good faith and in an amicable manner, apparently to the satisfaction of the widow and mother, and should not be held responsible for her failure to qualify as natural tutrix until in 1871, just before the institution of this suit.

The payment to plaintiff was good as to her own rights as widow in community and heir to the deceased minor, and it should also be held good as to the surviving minor.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. B. R. Forman*, for plaintiff and appellant. *Clarke, Bayne & Renshaw*, for defendant and appellee.

Ryan vs. Kohn.

HOWELL, J.  In December, 1871, plaintiff, Mrs. C. Ryan, in her own right and as tutrix of her minor child, sued the defendant for a settlement of the partnership of C. Kohn & Ryan and for the sum of $8447 10, with legal interest from the first of January, 1860, and such further balance as may be found due.  The answer admits the alleged partnership and the death of C. W. Ryan, the partner, in November, 1859, and avers that the affairs of the partnership have been liquidated and settled up by the defendant, the books subject to the inspection of the plaintiff, accounts rendered to her from time to time, and all sums accruing placed to the credit of the minor with the assent of plaintiff, who has taken possession of the same.  An auditor was appointed to examine the books of the firm, and the plaintiff excepted to the introduction of his report in evidence.  It is unnecessary to pass on the grounds of objection, as we think the judgment of the lower court, in favor of defendant, is sustained by other evidence.  We think it satisfactorily shown that the portion due the deceased partner, on settlement of the partnership, has been accounted for by the defendant, and a part thereof placed to the credit of the plaintiff, with her approval, in the house of H. Bonnabel, conducted by her mother, and drawn therefrom by her as she wanted it, and the balance deposited in the New Orleans Savings Institution, in the name of the minor, which has since been withdrawn by the plaintiff.

Under these circumstances, and after such a lapse of time, the defendant should not be made liable to pay a second time what he seems to have paid in good faith and in an amicable manner, apparently to the satisfaction of the widow and mother, and he should not be held responsible for her failure to qualify as natural tutrix until in 1871, just before the institution of this suit.

Her husband, C. W. Ryan, died in November, 1859; she married a second time in 1861, and was silent and inactive up to December, 1871, as to her own and her child's rights against the surviving partner, except in her tacit and active ratification of the liquidation of the said partnership and receiving the share reported to be due to the succession of the deceased partner.  We fail to see that the interests of the surviving minor (one having died after the father) have been injured by defendant's payment to the widow without requiring her to qualify as natural tutrix before doing so, as she did not have to give a bond, and qualifying as tutrix would not, as to him, have made the payment any more secure to the said minor, who in any event would have a mortgage.

The payment was good as to her own rights as widow in community and heir to the deceased minor, and we think it should be held good as to the surviving minor.

Judgment affirmed.